**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY RAY O'NEAL, | No. 12-15849 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-04669-SBA |
| v. | |
| COUNTY OF SAN FRANCISCO; R. REYMUNDO, Deputy Sheriff; GORWOOD, Lt. Sheriff; CAMARRA, Deputy Sheriff, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted April 10, 2014
San Francisco, California

Before: SILVERMAN, W. FLETCHER, and BYBEE, Circuit Judges.

Appellant Billy Ray O'Neal appeals from the district court's judgment

dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

remedies. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, *Sapp v. Kimbrell*, 628 F.3d 813, 821 (9th Cir. 2010), and we affirm.

The district court properly dismissed O'Neal's complaint because O'Neal admits that he did not attempt to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 739-41 (2001) (holding that exhaustion of available administrative remedies is mandatory under the PLRA). O'Neal's contention that his claim should be exempt from the PLRA's exhaustion requirement fails because there is no evidence that the jail's grievance procedures were unavailable. Instead, the evidence shows that O'Neal filed a citizen's complaint—despite his fear of retribution—and that he was represented by a lawyer who could have assisted him with his grievance. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

**AFFIRMED.**